1  L. Paul Mankin, IV (SBN 264038)
   LAW OFFICES OF L. PAUL MANKIN, IV
2  8730 Wilshire Blvd., Suite 310
3  Beverly Hills, California 90211
   Tel: (310) 776-6336
4  Fax: (323) 207-3885
5  pmankin@paulmankin.com
   Attorney for Plaintiffs
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10                   CV13-8234 FMO (ASx)

11 YVETTE CASTILLO and          Case No.:
   MICHAEL CASTILLO, individually,
12 and on behalf of other members of   CLASS ACTION COMPLAINT
   the general public similarly situated,
13                                (1)  Violation of Rees-Levering
            Plaintiffs,                Automobile Sales Finance Act (Cal.
14                                     Civil Code §§ 2981 *et seq.*);
       vs.                        (2)  Violation of Unfair Competition
15                                     Law (Cal. Business & Professions
                                       Code §§ 17200 *et seq.*);
16 CAVALRY PORTFOLIO            (3)  Violation of the Rosenthal Fair Debt
   SERVICES, LLC, a Delaware          Collection Practices Act (Cal. Civil
17 Limited Liability Corporation, and  Code §§ 1788 *et seq.*);
   DOES 1 through 10,           (4)  Conversion; and
18                                (5)  Declaratory Relief.
19
20            Defendants.        **Jury Trial Demanded**
21
22
23
24
25
26
27
28

YVETTE CASTILLO and MICHAEL CASTILLO (herein "Plaintiffs"), individually and on behalf of all other members of the public similarly situated, based upon facts which either have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiffs bring this class action under California's Unfair Competition Law, Cal. Business & Professions Code §§ 17200, *et seq.*, the Rees-Levering Automobile Sales Finance act, Cal. Civil Code §§2981, *et seq.*, and other applicable laws, to challenger the unlawful, unfair, and deceptive practices of CAVALRY PORTFOLIO SERVICES, LLC's ("Defendant" or "Cavalry") following repossession of motor vehicles from California consumers.  In particular, Cavalry fails to provide borrowers under conditional sales contracts with statutorily mandated notice of their legal rights and obligations after repossession of their vehicles; wrongfully deprives consumers of their right to reinstate or redeem their conditional sales contracts  after repossession; negligently and/or fraudulently misrepresents the rights and obligations of the parties following repossession; collects, or seeks to collect, deficiencies from borrowers following repossession for which borrowers are not liable as a matter of law; seeks and obtains deficiency judgments knowing that such judgments are unlawful; unlawfully and falsely reporting borrowers' deficiency balances to credit reporting agencies as past due debts when collection of said amounts is in fact unlawful; and demanding repossession expenses which exceeds the amount allowable under California law..

2.     Plaintiffs, on behalf of themselves and all other similarly situated persons, seeks statutory damages, actual damages as applicable, injunctive and equitable relief, attorneys' fees and costs and all other available relief for Plaintiffs and all other members of the class described below.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), the "Class Action Fairness Act of 2005," because this case is filed as a class action under Federal Rule of Civil Procedure 23, the aggregate amount in controversy for the entire class exceeds $5,000,000, exclusive of interest and costs, and all members of the class are citizens of California and reside outside of Delaware and Arizona.

4.     Venue is proper in this district and division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.  Defendant transacts business across the United States and in this judicial district.

## THE PARTIES

5.     Plaintiff Yvette Castillo is, and at all times herein mentioned was, a resident of Ventura County, California.  At the time of repossession of Plaintiffs' vehicle and commencement of this action, Plaintiff Yvette Castillo resided in the City of Camarillo, California.  Plaintiff Yvette Castillo is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a)(3), and is a "debtor" as defined by the RFDCPA, Cal. Civ. Code §§ 1788.2(h).

6.     Plaintiff Michael Castillo is, and at all times herein mentioned was, a resident of Ventura County, California.  At the time of repossession of Plaintiffs' vehicle and commencement of this action, Plaintiff Michael Castillo resided in the City of Camarillo, California.  Plaintiff Michael Castillo is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a)(3), and is a "debtor" as defined by the RFDCPA, Cal. Civ. Code §§ 1788.2(h).

7.     Cavalry Portfolio Services, LLC is a Delaware limited liability corporation with its principal office at 4050 E. Cotton Center Blvd., Phoenix, Arizona 85040. Cavalry is financial institution engaged, in part, in the business of

CLASS ACTION COMPLAINT

1    "holding" automobile loans, and is doing business in California.

2          8.      At all relevant times herein, Calvary was a company engaged, by use

3    of the mails and telephone, in the business of collecting a debt from Plaintiffs

4    which qualifies as a "debt," as defined by 15 U.S.C. § 1692a(5), and a "consumer

5    debt," as defined by California Civil Code § 1788.2(f). Defendant regularly

6    attempts to collect debts alleged to be due by another, and therefore is a "debt

7    collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal.

8    Civ. Code § 1788.2(c).

9          9.      Plaintiffs are unaware of the true names or capacities of the

10    Defendants sued herein under the fictitious names DOES 1 through 10, but prays

11    for leave to amend and serve such fictitiously named defendants once their names

12    and capacities become known.

13         10.     Plaintiffs are informed and believe, and thereon allege, that DOES 1

14    through 10 are the partners, agents, owners, shareholders, managers or employees

15    of Cavalry Portfolio Services, LLC.

16         11.     Plaintiffs are informed and believe, and thereon allege, that each and

17    all of the acts and omissions alleged herein was performed by, or is attributable to,

18    Cavalry Portfolio Services, LLC, and/or DOES 1 through 10, each acting as the

19    agent for the other, with legal authority to act on the other's behalf. The acts of

20    any and all Defendants were in accordance with, and represent, the official policy

21    of Defendant Cavalry Portfolio Services, LLC.

22         12.     At all relevant times, Defendants, and each of them, ratified each and

23    every act or omission complained of herein. At all relevant times, Defendants,

24    aided and abetted the acts and omissions of each and all the other Defendants in

25    proximately causing the damages herein alleged.

26         13.     Plaintiffs are informed and believe, and thereon allege, that each of

27    said Defendants are in some manner intentionally, negligently, or otherwise

28    responsible for the acts, omissions, occurrences and transactions alleged herein.

CLASS ACTION COMPLAINT

## PLAINTIFFS' FACTS

14.     On or about June of 2006, Plaintiffs purchased 2006 Kia Sedona from a car dealership under a conditional sales contract.  The dealership arranged the financing for the purchase, and assigned the conditional sales contract to Fireside Bank.  The conditional sale contract (a "Form Agreement") is regulated by the Rees-Levering Automobile Sales Finance Act, and provided that the holder of the contract is subject to all claims and defense which the consumer could assert against the seller.

15.     From July 2006, through May 2012, Plaintiffs made regular and timely payments to Fireside Bank, with the expectation that their last and final payment of approximately $628.83 due on their conditional sales contract would be made in June 2012.

16.     However, in or around May of 2012, Fireside Bank sold Plaintiffs' conditional sales contract to Defendant Cavalry Portfolio Services, LLC. In the same month, Cavalry demanded approximately $5,000 from Plaintiffs to allegedly payoff their vehicle under the terms of their conditional sales contract.  Plaintiffs disputed the $5,000 amount, telling the Cavalry agent that they only owed an additional $628.83.

17.     In November 2012, Cavalry repossessed Plaintiffs' vehicle, and mailed a written notice to them on November 14, 2012, which stated that their vehicle had been repossessed and would be sold and assessed a $675.00 repossession fee ("Statutory Notice").  However, the Statutory Notice did not contain several of the disclosures mandated by Civil Code §2983.2.

18.     The Statutory Notice issued by Cavalry to Plaintiffs was mandated by the provisions of the Rees-Levering Act, including Civil Code § 2983.2(a).  The Rees-Levering Act, among other provisions, regulates the repossession and disposition of motor vehicles financed under conditional sales contracts in California.  In order to protect consumers' valuable property interest in financed

CLASS ACTION COMPLAINT

1  vehicles, the Rees-Levering Act imposes strict and mandatory requirements on

2  holders of conditional sales contracts following repossession.

3      19.    California Civil Code § 2983.2(a) of the Rees-Levering Act mandates

4  the issuance of a post-repossession Statutory Notice, and sub-section (a)(1)

5  through (a)(9) of the statute set forth the required information and disclosures that

6  must be included therein.

7      20.    Absent full, complete, and strict compliance with the requirements

8  for the Statutory Notice, a holder may not lawfully assess of collect any deficiency

9  from the buyer, or any other person liable under the contract, following disposition

10  of the repossessed vehicle.  The statute specifically provides that those persons

11  "shall be liable for any deficiency... only if the notice prescribed by" § 2983.2(a)

12  contains all of the disclosures mandated by the statute. (Emphasis added.)

13      21.    The Rees-Levering Act further provides that no seller or holder may

14  obtain a deficiency judgment against a buyer under a conditional sales contract

15  after the repossession and disposition of a motor vehicle unless a court has

16  determined, upon the affidavit of the seller or holder, that the sale or other

17  disposition was in conformity with the provisions of the Rees-Levering Act. Cal.

18  Civ. Code § 2983.8.

19      22.    The Statutory Notice that Cavalry issued to Plaintiffs pursuant to Cal.

20  Civil Code § 2983.2, following the repossession of their vehicle was materially

21  defective and incomplete, and failed to inform Plaintiffs of all their legal rights

22  and obligations, in that the Statutory Notice did not contain disclosures required

23  by Cal. Civil Code § 2983(a), and assessed a repossession fee of $675.00 in order

24  to redeem their vehicle, which is in excess of the amount allowed for under the

25  law. See Cal. Fin. Code §§ 22328, 22329, and 22202(f).

26      23.    Specifically, the Statutory Notice fails to disclose to consumers all of

27  the conditions precedent to reinstatement of the contact, as required by Cal. Civil

28  Code § 2983.2(a)(2), in that the Statutory Notice fails to provide consumer

CLASS ACTION COMPLAINT

1   sufficient information to enable them to determine precisely what they must do in
2   order to reinstate their contracts, including stating the amounts due, to whom they
3   are due, the addresses and/or contact information for those parties, and any other
4   specific actions the buyer must take; instead, the Statutory Notices fails to disclose
5   to the consumer whether a fee to the sheriff pursuant to Government Code §26751
6   before the vehicle is return, and requires that consumers "[c]all us at the
7   telephone number at the top of this notice to find out the exact amount due...." See
8   Statutory Notice, pg. 3; *see also Juarez v. Arcadia Financial, Ltd.*, 152
9   Cal.App.4th 889 (2007).

10         24.   The Statutory Notice also fails to disclose clearly and unequivocally
11   that the consumer has the right to reinstate the conditional sales contract, as
12   required by Cal. Civil Code § 2983.2(a)(2), and instead states on the one hand that
13   the consumer has the right to redeem or reinstate, but states on the other hand that
14   the consumer has the right to "get the Vehicle back at any time before we sell it by
15   paying us the full amount you owe (not just the past due payments), including our
16   expenses." The Statutory Notice also fails to disclose clearly and unequivocally
17   that Cavalry will extend the time to reinstate on the consumer's request, as
18   required by Cal. Civil Code § 2983.2(a)(6), and instead in one portion states only
19   "[y]ou have a right to request an extension of this time...," and on another portion
20   states "we will extend the time to reinstate the contract, if you have that right, or to
21   redeem. The Statutory Notice also fails to provide, in the form applying for an
22   extension of time, an address to send the request, and instructions that it must be
23   received before the expiration of the initial redemption and reinstatement periods,
24   as required by Cal. Civil Code § 2983.2(a)(3).

25         25.   On information and belief, Plaintiffs allege that the defective and
26   improper Statutory Notice issued to them was a standard form notice sent by
27   Cavalry, at least four years preceding the filing of this action, and continuing
28   thereafter, as a common practice and procedure to numerous other California

1   buyers liable to Cavalry under conditional sales contracts and whose vehicles were
2   repossessed.
3        26.   Plaintiffs are informed and believe and on that basis allege that,
4   following the issuance of the Statutory Notice, Defendant Cavalry sold or
5   otherwise disposed of Plaintiffs' vehicle on or about November 29, 2012.
6        27.   After disposing of Plaintiffs' vehicle, Cavalry assessed and attempted
7   to collect from Plaintiffs an alleged deficiency balance.
8        28.   As a result of Defendant Cavalry's unlawful, unfair, and fraudulent
9   business practices, Plaintiffs have suffered a loss of money and/or property.
10       29.   Plaintiffs are informed and believe and on that basis allege that,
11  notwithstanding Calvary's failure to comply with the mandatory Statutory Notice
12  requirements of the Rees-Levering Act, Cavalry has assessed, demanded,
13  attempted to collect, and collected deficiency balances from borrowers, including
14  from Plaintiffs, for which the borrowers were not liable as a matter of law and
15  which Cavalry has no legal right to demand or collect.  In the four years preceding
16  the filing of this action, and continuing thereafter, Cavalry has made unlawful
17  collection demands to Plaintiffs, and to other California borrowers, has falsely
18  represented to such borrowers that deficiency balances were owed, has collected
19  thousands of dollars from such borrowers to which they were not entitled, and has
20  threatened to sue, and has sued, borrowers who did not owe any deficiency as a
21  matter of law.
22       30.   Plaintiffs are informed and believe and on that basis allege that, at all
23  relevant times, Cavalry has had actual and/or constructive knowledge that such
24  borrowers were not liable for any deficiency balance as a matter of law as a result
25  of their failure to comply with the Rees-Levering Act, but has nevertheless
26  persisted in its unlawful collection activity.
27       31.   The conditional sales contract under which Plaintiffs purchased their
28  vehicle was a pre-printed, standard form agreement that is routinely used by

1  dealers in California, including those contracts that have been assigned to Cavalry.

2  Aside from financing terms that are individual to each borrower, all such standard

3  form agreements contain certain provisions that are the same or substantially

4  similar for all borrowers under conditional sales contracts in California.  Plaintiffs

5  are informed and believe and on that basis allege that each such conditional sales

6  contract contains a provision that providers that the holder of the contract, here

7  Cavalry, is liable for all claims and defenses that the borrower may have against

8  the seller of the motor vehicle.

9      32.   Plaintiffs are informed and believe and on that basis allege that, in the

10  four years preceding the filing of this action and continuing thereafter, Defendant

11  Cavalry was assigned and thereafter held conditional sales contracts with

12  California borrowers, issued Statutory Notices to California borrowers that did not

13  comply with the Rees-Levering Act as aforesaid, and has attempted to collect and

14  has collected purported deficiency balances from California borrowers which were

15  not owed to Defendant Calvary as a matter of law .

16      33.   Plaintiffs are informed and believe and on that basis allege that, in the

17  four years preceding the filing of this action and continuing thereafter, Defendant

18  Cavalry has regularly and consistently breached the terms of its standard form

19  agreements with California borrowers, including with Plaintiffs, by failing and/or

20  refusing to provide borrowers notice as required by law following the repossession

21  of their motor vehicles, and by thereafter assessing, demanding and attempting to

22  collect alleged deficiency balances that the borrowers did not owe as a matter of

23  law.

24      34.   Plaintiffs are informed and believe and on that basis allege that the

25  total deficiency balances collected by Cavalry and which were not owed as a

26  matter of law exceed $5,000,000.

27

28

CLASS ACTION COMPLAINT

# CLASS ACTION ALLEGATIONS

35.    Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

36.    The class Plaintiffs seek to represent (the "Class") is defined as follows.

> All persons who were issued a Statutory Notice by Cavalry, to an address in California, at any time from the four years preceding the filing of this action, following the repossession or voluntary surrender of a motor vehicle, and from whom Cavalry collected, or attempted to collect any portion of the deficiency balance ("Class").

37.    Members of the Class will be referred to as "Class Members." Plaintiffs reserve the right to redefine the above Class and add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

38.    Excluded from the Class are Welch's, its affiliates, employees, agents, and attorneys, and the Court.

39.    This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2), or (b)(3) and satisfies the requirements thereof.

40.    There is a well-defined community of interest in the litigation and the class is readily ascertainable:

> (a)    Numerosity: Upon information and belief, the members of the class (and each subclass) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of

Defendant's records.

(b)  Typicality: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

(c)  Adequacy: Plaintiffs are qualified to, and will, fairly and adequately, protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any Class Member. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification and settlement. Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

(d)  Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

41.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members, including but not limited to:

(a) Whether Defendants failed to provide Statutory Notices to individuals whose motor vehicles were repossessed containing all disclosures required by the Rees-Levering Automobile Sales Finance Act;

(b) Whether Defendant assessed, attempted to collect and/or collected deficiency balances from Class Members that it had no legal right to demand or to collect;

(c) Whether Defendant demanded repossession expenses which exceeds the amount allowable under California; and

(d) The appropriate amount of statutory damages, attorneys' fees and costs resulting from Defendants' violations of California law.

42.   In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) because:

(e) The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

(f) The prosecution of separate actions by individual Class Members would create a risk of adjudications as to them which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(g) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

CLASS ACTION COMPLAINT

respect to the Class and necessitating that any such relief be extended to Class Members on a mandatory, class-wide basis.

43.   Plaintiffs are not aware of any difficulty which will be encountered in the management of this litigation which should preclude class certification.

44.   Among other things, each Class Members' interest in individually controlling the prosecution of the claims herein makes it virtually impossible to assert those claims outside the class action context.

45.   Moreover, the class definition is ascertainable and lends itself to class certification because Defendant's Statutory Notice is the same for all Class Members in that it fails to comply with Rees-Levering Automobile Sales Finance Act.

## FIRST CAUSE OF ACTION
### Violation of Rees-Levering Automobile Sales Finance Act
### (Cal. Civil Code §§ 2981 et seq.)

46.   Plaintiffs incorporate by reference each allegation set forth above.

47.   As is hereinabove alleged, the Rees-Levering Automobiles Sales Finance Act, Civil Code §2981, *et seq.*, regulates automobile sales and financing transactions for motor vehicles purchased primarily for personal, family, or household purposes.

48.   The contracts with Cavalry entered into by Plaintiffs and Class Members are subject to and governed by the provisions Rees-Levering Act, because Defendant Cavalry is a "seller'; or a "holder" of said contracts as those terms are used in the statute.

49.   As is hereinabove alleged, Defendant Cavalry has engaged in violations of the Rees-Levering Act in that the Statutory Notices it issued to Plaintiffs and all other persons similarly situated following the repossession of a motor vehicle, did not contain all of the statutorily-mandated disclosures and information required by Cal. Civil Code § 2983.2(a) and assessed a repossession

1  fee in excess of what is allowed under Cal. Fin. Code § 22202(f).

2      50.    Cavalry has thus deprived Plaintiffs and Class Members of

3  substantial rights granted to them under the Rees-Levering Act, including the right

4  to make an informed decision about whether to reinstate their contract or redeem

5  their vehicle. In addition, because Cavalry failed to provide Class Members all of

6  the information and disclosures to which they are entitled under Civil Code

7  §2983.2(a), said persons are not liable, under the explicit terms of §§2983.2(a) of

8  the Rees-Levering Act, for any deficiency following the disposition of their

9  repossessed motor vehicles. Nevertheless, without any legal right to do so,

10  Cavalry has assessed, attempted to collect and collected deficiency balances from

11  Plaintiffs and Class Members in direct violation of the law.

12      51.    As a direct and proximate result of the acts hereinabove alleged,

13  Plaintiffs and Class Members have been or will be damaged, and have suffered

14  economic losses, in an amount to be proven at trial, in that Defendant Cavalry,

15  without any legal right to do so, has assessed, attempted to collect, collected

16  and/or will collect substantial deficiency balances from said persons, for which

17  they are not liable as a matter of law.

18      52.    Plaintiffs are entitled to an award of attorneys' fees, costs and

19  expenses incurred in the filing and prosecution of this action, pursuant to Civil

20  Code §2983 and Code of Civil Procedure § 1021.5.

21      53.    Wherefore, Plaintiffs prays for relief as set forth below.

22              SECOND CAUSE OF ACTION

23          Violation of Unfair Business Practices Act

24            (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

25      54.    Plaintiffs incorporate by reference each allegation set forth above.

26      55.    California Business and Professions Code Section 17200, et seq.

27  prohibits "any unlawful, unfair or fraudulent business act or practice."

28      56.    Defendant's Cavalry's actions, as set forth herein, constitutes an

1  "unlawful" business act or practice within the meaning of California Business and
2  Professions Code sections 17200 *et seq.*, because Cavalry has pursued unlawful
3  collection deficiency balances despite having actual and/or constructive
4  knowledge that affected borrowers are not liable for such deficiency balances as a
5  result of the failure to comply with relevant provisions of the Rees-Levering Act
6  and California Finance Code.

7      57.    As is hereinabove alleged, in the four years preceding the filing of
8  this action, and continuing for all relevant times thereafter, Cavalry has
9  repossessed motor vehicles from borrowers, including Plaintiffs, and thereafter
10  issued Statutory Notices pursuant to Cal. Civil Code § 2983.2(a) of the Rees-
11  Levering Act that were materially defective in that they did not contain the
12  disclosures required by Cal. Civil Code § 2983.2(a) and assessed a repossession
13  fee in excess of what is allowed under the law, and which Cavalry had no legal
14  right to demand or collect.

15      58.    In their effort to collect such deficiencies, Cavalry, and/or its agents
16  have issued payment demands to affected borrowers, have threatened to sue and/or
17  sued such borrowers and have negligently and/or fraudulently misrepresented to
18  such borrowers that they are liable for a deficiency balance, when in fact no such
19  liability exists.  Cavalry has also sought and obtained deficiency judgments
20  against borrowers that it was not legally entitled to obtain.

21      59.    Defendant's Cavalry's actions, as set forth herein, constitutes an
22  "unfair" business act or practice within the meaning of California Business and
23  Professions Code sections 17200 *et seq.*, because any utility for Defendant's
24  Cavalry's conduct is outweighed by the gravity of the consequences to Plaintiffs
25  and Class Members and because the conduct offends public policy.

26      60.    Notwithstanding the failure to include all disclosures mandated by
27  Cal. Civil Code § 2983.2(a) in the Statutory Notices issued to affected borrowers,
28  Cavalry, had assessed, demanded, attempted to collect and collected deficiency

CLASS ACTION COMPLAINT

1   balances from such borrowers for which the borrowers were not liable as a matter

2   of law and assessed a repossession fee in excess of what is allowed under the law,

3   and which Cavalry had no legal right to demand or collect.

4         61.    In addition, Defendant's Cavalry's actions constitute a "fraudulent"

5   business practice or act within the meaning of Business and Professions Code

6   Section 17200 *et seq*.  The Rees-Levering Financial Act is carefully crafted to

7   require that certain disclosures be presented in a qualified and contextualized

8   manner to protect the consuming public from being deceived.  Defendant's

9   conduct poses the very risk of deception the regulations were promulgated to

10  protect against.

11        62.    As a direct and proximate result of the Calvary's acts and practices

12  described herein, Cavalry has received and collected substantial monies from

13  affected borrowers in the form of deficiency balances that it demanded and

14  collected, even though such borrowers were no liable for the deficiencies as a

15  matter of law and/or paid repossession fees in excess of what is allowable under

16  the law.  Cavalry has collected and retained such funds, to which it is not and

17  never was legally entitled, and has profited unlawfully and unfairly thereby.  Such

18  funds properly belong to the affected borrowers and constitute ill-gotten gains

19  subject to restitution.  As a result of Cavalry's unlawful, unfair, and fraudulent

20  business practices, the affected borrowers, including Plaintiffs and Class

21  Members, have suffered injury in fact and have lost money or property.

22        63.    Defendant's Cavalry has thus engaged in unlawful, unfair and

23  fraudulent business acts entitling Plaintiffs and Class Members to judgment and

24  equitable relief against Defendant's Cavalry, as set forth below.  Additionally,

25  pursuant to Business and Professions Code section 17203, Plaintiffs and Class

26  Members seek an order requiring Defendant's Cavalry's to immediately cease

27  such acts of unlawful, unfair, and fraudulent business practices and requiring

28  Defendant's Cavalry to correct its actions.

64. Wherefore, Plaintiffs prays for relief as set forth below.

## THIRD CAUSE OF ACTION

### Violation of Rosenthal Fair Debt Collection Practices Act

#### (Cal. Civil Code §§ 1788 *et seq.*)

65. Plaintiffs incorporate by reference each allegation set forth above.

66. Section 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692J, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

67. On information and belief, Defendant demanded an amount from affected borrowers, including Plaintiffs and Class Members, for repossession expenses which exceed the amount allowable under California law.

68. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    (a) Making a false, deceptive, or misleading representation or means in connection with the debt collection (§ 1692e);

    (b) Making a false, or misleading representation regarding the character, amount, or legal status of the alleged debt (§ 1692e(2);

69. As a direct and proximate result of the acts hereinabove alleged, Plaintiffs and Class Members have been, continue to be, or will be damaged, and have suffered personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiffs for their actual damages, statutory damages, and costs and attorney's fees.

70. Wherefore, Plaintiffs prays for relief as set forth below.

///

///

## FOURTH CAUSE OF ACTION

### Conversion

71.    Plaintiffs incorporate by reference each allegation set forth above.

72.    Defendant has failed and refused, and continues to fail and refuse, to advise Plaintiffs and Class Members of the amount that must be paid or any other act that must be done to reinstate the loan as required by Civil Code Sections 2983.2 and 2983.3. Moreover, Defendant has attempted to charge Plaintiffs and Class Members more than the amount allowable by law for a repossession expense.

73.    As a proximate result of Defendant's actions, Plaintiffs and Class Members have been deprived of their vehicles, incurred expenses for alternate transportation, incurred unnecessary storage charges for their vehicles, and have lost time and effort in attempting to reinstate their Vehicle loans with Defendant.

74.    Plaintiffs and Class Members were entitled to immediate possession of their vehicles by paying the proper redemption or reinstatement amount to Cavalry, which Defendant never properly disclosed or identified in its Statutory Notices to affected borrowers, pursuant to their rights under the Rees-Levering Act.

75.    Plaintiffs and Class Members also were entitled to immediate possession of monies paid to Cavalry on their deficiency balances to which Cavalry had no right or entitlement to assess, demand, attempt to collect and/or collected.

76.    As a direct and proximate result of the acts hereinabove alleged, Cavalry wrongfully deprived Plaintiffs and Class Members of possession of their vehicles by failing to properly disclose their right to redeem/reinstate their conditional sales contracts in the language required by Cal. Civil Code § 2983.2(a). This omission violated Cal. Civil Code § 2983.2(a), and unlawfully inhibited Plaintiffs' and Class Members' right to reinstate and/or redeem their

1 | conditional sales contracts.

2 |     77.   As a direct and proximate result of the acts hereinabove alleged,

3 | Plaintiffs and Class Members have been or will be damaged, and have suffered

4 | economic losses, in an amount to be proven at trial, for Defendant Cavalry's

5 | unlawful conversion of their property.

6 |     78.   Cavalry acted with malice, oppression, and/or fraud toward Plaintiffs

7 | and Class Members, within the meaning of Cal. Civil Code § 3294, thereby

8 | entitling Plaintiffs and Class Members to an award of punitive damages.

9 |     79.   Furthermore, Plaintiffs are entitled to an award of attorneys' fees,

10 | costs and expenses incurred in the filing and prosecution of this action, pursuant to

11 | Civil Code §2983 and Code of Civil Procedure § 1021.5.

12 |     80.   Wherefore, Plaintiffs prays for relief as set forth below.

13 | FIFTH CAUSE OF ACTION

14 | Declaratory Relief

15 |     81.   Plaintiffs incorporate by reference each allegation set forth above.

16 |     82.   An actual controversy has arisen between Plaintiffs and Class

17 | Members, on the one hand, and Defendant Cavalry and Does 1 though 10, on the

18 | other hand as to their respective rights, remedies and obligations.  Specifically,

19 | Plaintiffs allege that the acts and practices of Cavalry, as hereinabove alleged,

20 | violate the Rees-Levering Act, and Cavalry's acts and practices as hereinabove

21 | alleged are unlawful, unfair, and/or fraudulent, and that Plaintiffs and Class

22 | Members are therefore not liable, and never were liable, for any deficiency

23 | balances following disposition of their repossessed motor vehicles.  Defendant

24 | Cavalry contends to the contrary.

25 |     83.   Accordingly, Plaintiffs seek a declaration as to the respective rights,

26 | remedies, and obligations of the Parties.

27 |     84.   Wherefore, Plaintiffs prays for relief as set forth below.

28 | ///

CLASS ACTION COMPLAINT

REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury of all issues which may be tried by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure

PRAYER FOR RELIEF

Plaintiffs, and on behalf of themselves and all others similarly situated, prays for relief and judgment against Defendant, jointly and severally, as follows:

1.  That this case be certified as a class action;

2.  That Plaintiffs be appointed as the representative of the Class; and

3.  That counsel for Plaintiffs be appointed as Class Counsel;

4.  For an order finding and declaring that Defendant Cavalry's acts and practices as challenged herein are unlawful, unfair, and fraudulent;

5.  For an order preliminarily and permanently enjoining Defendant Cavalry from engaging in the practices challenged herein;

6.  For an order of restitution in an amount to be determined at trial to restore all affected borrowers in interest, including Plaintiffs and Class Members, all monies acquired by Defendant Cavalry by means of their unlawful, unfair, and fraudulent practices, which amount is at least equal to all sums collected for alleged deficiency balances following the disposition of repossessed motor vehicles.

7.  For statutory damages of $1,000 to Plaintiffs and each Class Members;

8.  For actual and compensatory damages in an amount to be determined by the Court;

9.  For, attorneys' fees and costs pursuant to California Civil Code § 2983.4, Code of Civil Procedures § 1021.5, and any other applicable provisions of law; and

10. For such other and further relief as the Court may deem equitable

1 │ and appropriate.

2

3 │ Dated: November 4, 2013          Respectfully submitted,

4 │                                  LAW OFFICES OF L. PAUL MANKIN, IV

5

6 │                                  By: _____

7 │                                       L. Paul Mankin, IV, Esq.

8 │                                  Attorneys for Plaintiffs Yvette and
   │                                  Michael Castillo

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 20

CLASS ACTION COMPLAINT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
YVETTE CASTILLO and MICHAEL CASTILLO, individually, and on behalf of other members of the general public similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
CAVALRY PORTFOLIO SERVICES, LLC, a Delaware Limited Liability Corporation, and DOES 1 through 10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
L. Paul Mankin, IV
LAW OFFICES OF L. PAUL MANKIN, IV
8730 Wilshire Blvd., Suite 310
Beverly Hills, California 90211, (310) 776-6336

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ 5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Rees-Levering Automobile Sales Finance Act (Cal. Civil Code §§ 2981 et seq.); (2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 et seq.); Violation of the Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code §§ 1788 et seq.); Conversion, and Declaratory Relief.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**  Case Number: **CV13-8234**

CV-71 (09/13)                    CIVIL COVER SHEET                    Page 1 of 3



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right.  ➡ | Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ↓ |

| Your case will initially be assigned to the<br>WESTERN DIVISION.<br>Enter "Western" in response to Question D below. |
|---|

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | Western Division |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

IX(a).  IDENTICAL CASES:  Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

IX(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

X.  SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):  _____   DATE:  11/4/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Fernando M. Olguin_____ and the assigned
Magistrate Judge is _____Alka Sagar_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV8234 FMO ASx

Pursuant to General Order 05-07 of the United States District Court for the Central District of
California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____November 6, 2013_____

Date

By  J.Prado _____

Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is
filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)       NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES